UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANR PIPELINE COMPANY,

        Plaintiff,

v.                                          Case No. 06-C-0190

11.66 ACRES OF LAND, more or less,
in Outagamie County, Wisconsin

and

OUTAGAMIE COUNTY,

        Defendants.

**ORDER**

        Plaintiff ANR Pipeline Company filed suit under the Natural Gas Act, 15 U.S.C. § 717 *et seq.*, to condemn 11.66 acres of land owned by Outagamie County. Outagamie County was served with the complaint, motion to confirm condemnation, and other papers on February 21, 2006. To date it has filed no response. For the following reasons, ANR's motion to confirm condemnation will be granted.

        15 U.S.C. § 717f(h) provides that

> [w]hen any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way, for the location of compressor stations, pressure apparatus, or other stations or equipment necessary to the proper operation of such pipe line or pipe lines, it may acquire the same by the

> exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located, or in the State courts.

ANR has been issued a certificate of public convenience and necessity by the Federal Energy Regulatory Commission (FERC) for the construction of a natural gas pipeline project. (Pipkin Dec. ¶ 3; Compl., Ex. B.) It has acquired all the necessary land except that owned by the County. (Pipkin Dec. ¶ 4; Wooten Dec. ¶ 3.) ANR already has easement rights on the County property at issue for an existing 6" pipeline. (Pipkin Dec. ¶ 5.) However, it needs a wider permanent easement, as well as a temporary easement and workspace, for the new pipeline project. (*Id.*) ANR needs to begin work on the project in late June 2006 in order to complete it by a November 1, 2006 deadline. (Pipkin Dec.¶¶ 8-9.) Negotiations with the County have proven fruitless to date. (Wooten Dec. ¶ 4.)

Fed. R. Civ. P. 71A(e) requires a defendant that objects to the condemnation of property in federal court to answer the complaint with a statement of its objections within twenty days of service. A defendant that fails to do so waives any right to challenge the condemnation, and may only contest the amount of compensation. By failing to answer the complaint within the required time, the County has waived any right it may have had to contest the condemnation.[1] Accordingly, ANR's motion to confirm the condemnation is **GRANTED.** Furthermore, the court deems that an injunction granting ANR immediate possession of the property is appropriate. *See Northern Border Pipeline Co. v. 64.111 Acres of Land*, 125 F. Supp. 2d 299, 301 (N.D. Ill. 2000). Counsel for ANR shall file a proposed judgment and injunction for immediate possession of the property consistent

---

[1] The County's right to object is sharply circumscribed, at any rate. *See Natural Gas Pipeline Co. of America v. Fed. Power Comm'n*, 128 F.2d 481, 483-4 (7th Cir. 1942) (holding that exclusive review of FERC orders lies with the United States Court of Appeals).

2

with this Order within seven days.  The clerk of court shall set this matter on for further proceedings within fourteen days to determine the amount of the injunction bond.

**SO ORDERED.**

Dated this   5th   day of May, 2006.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge